UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFRED TREADWELL**                                                                      **CIVIL ACTION**

**VERSUS**                                                                                        **NO. 13-5889**

**ST. TAMMANY PARISH JAIL ET AL**                                               **SECTION: "C" (2)**

## ORDER AND REASONS[1]

This matter is before the Court on a complaint filed in forma pauperis by Alfred Treadwell, seeking relief pursuant to 42 U.S.C. § 1983. The Court, having considered the Report and Recommendation of the United States Magistrate Judge, petitioner's objections to the Report, the complaint, the record, and the applicable law, hereby accepts the Report and Recommendation of the United States Magistrate Judge and supplements that Report with this Order and Reasons. Therefore, the plaintiff's complaint is **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. §1997e(c)(1) because his claims are barred by the applicable statute of limitations. Plaintiff's Motion to Amend/Correct his Complaint and his various Motions to File Supplements to his Traverse are hereby **DENIED**, as they fail to remedy the defect in his complaint. Rec. Docs. 22, 24, 25, 26, 27.

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 18, 2013, Alfred Treadwell filed a complaint under the Civil Rights Act, while incarcerated at the Louisiana State Penitentiary in Angola. 42 U.S.C. § 1983. Rec. Doc. 3 at 5. In his complaint, Treadwell claimed that he was "subjected to deliberate indifference to serious medical needs and unnecessary and wanton infliction of pain" while incarcerated at St.

---

[1] Cindy Allen, a second-year student at Emory University School of Law, assisted in the preparation of this Order and Reasons.

1

Tammany Parish Jail as a pre-trial detainee between August 25, 2010 and January 23, 2012. Rec. Doc. 3 at ¶ 1 (internal quotation marks omitted), Doc. 21 at 2. Specifically, Treadwell alleged:

> (1) St. Tammany Parish Jail personnel were negligent on October 30, 2010, when they dropped him from the examination table to the floor during a medical examination; (2) he received inadequate medical care while in the St. Tammany Parish jail; and (3) he was wrongfully disciplined by St. Tammany Parish Jail personnel by being placed in administrative segregation for his refusal to take medication.

Rec. Doc. 21 at 3.

Treadwell further alleged that he had an "almost fatal reaction" to a medication he was placed on in the course of being treated "for muscle spasms and a pre-existing neck/back injury." Rec. Doc. 3 at ¶ 2, 4. When Treadwell initially told the jail personnel that he was allergic to some of the medicine he was given, Treadwell testified that he was instructed "to take it anyway." Rec. Doc. 21 at 3. Eventually, the medical personnel determined that Treadwell might be allergic to Tylenol and switched his prescription to bactrim. *Id.* Treadwell then informed the personnel that he was allergic to that medication as well, but was again informed he had to take it anyway. *Id.* at 4. Treadwell was subsequently placed on a brief suicide watch and later put in administrative segregation after refusing to take his medication. *Id.* Medical records confirm that Treadwell "was examined and/or treated by a physician about 18 times for various medical conditions" as well as prescribed an array of medication. *Id.* The question of whether or not Treadwell was malingering in some or all of his injury claims, as medical personnel have claimed, is irrelevant to the outcome of Treadwell's current case. *Id.* at 6.

Previously, Treadwell had filed a substantially similar complaint to the one at issue here, though "the current lawsuit is not duplicative or malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i)." *Id.* at n.1. This prior suit also alleged that Treadwell "had been denied

2

adequate medical care while incarcerated in the St. Tammany Parish Jail after the October 30, 2010 incident." *Id.* at 7. Treadwell sued the Louisiana Department of Public Safety and Corrections ("DOC"), the St. Tammany Paris Sheriff's Office, and the three individual defendants named in the current case; he sought relief in the form of a transfer away from St. Tammany Parish Jail to a DOC facility. *Id.* at 6-7. Treadwell's previous case was initially dismissed without prejudice on April 4, 2012, after he was transferred from St. Tammany Parish Jail to DOC custody at Hunt. *Id.* at 7. Treadwell then appealed, but his appeal was dismissed "on September 13, 2013, for want of prosecution when he failed timely to file a brief." *Id.*

Most recently, Treadwell has alleged that he is still "not receiving adequate medical care for 'headaches, nose bleed, and those boils'" at the Louisiana State Penitentiary in Angola, Louisiana. *Id.* at 8. However, no Louisiana State Penitentiary personnel are named as defendants in this case. *Id.*

## II. LAW AND ANALYSIS

In his objections, Treadwell asserts that the prescription period governing his cause of action should be equitably tolled according to the principle of *contra non valentem*. The objections allege that Treadwell's claims are not prescribed and thus Treadwell should be able to amend his claims to add new defendants. The Court will review these objections *de novo*, pursuant to 28 U.S.C. § 636(b)(1)(C) and remains at liberty to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Under 28 U.S.C. § 1915, this Court may raise the limitations issue sua sponte in a suit filed in forma pauperis. *Wilke v. Meyer*, 345 F. App'x 944, 945 (5th Cir. 2009). "Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the

applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (*quoting Harris v. Hegmann*, 198 F. 3d 153, 156 (5th Cir. 1999). 42 U.S.C. § 1983 itself has no statute of limitations, so the applicable period is determined with reference to state law:

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

*Duplessis v. City of New Orleans*, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009). Federal law, however, controls when a § 1983 claim accrues. *Jacobsen v. Osborne*, 133 F. 3d 315, 319 (5th Cir. 1998).

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when the plaintiff can file suit and obtain relief.

*Duplessis*, 2009 WL 3460629, at *5 (E.D. La. Oct. 26, 2009) (internal citations and quotation marks omitted). A plaintiff's awareness that he has been injured comprises two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). However, a plaintiff does not have to "realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id.*

Here, Treadwell was certainly aware of his injuries when they occurred. Treadwell does not indicate that he had a delayed reaction to any of his treatment or to any of the medication prescribed that could trigger the application of the discovery rule. Rather, his description of his injuries suggests that he had full knowledge of the alleged mistreatment as it was happening. For example, "on 10-30-2010…[he] was dropped into [sic] the floor face-first which resulted in two

4

teeth being broken, a bloodied nose and further injured [his] neck and back." Rec. Doc. 3 at 4. Moreover, even the medication that Treadwell alleged he was allergic to produced a seemingly quick negative reaction of which he was aware. During the November 7, 2013 *Spears* hearing, Treadwell stated, "[the medical personnel] prolonged giving [him] this medication and it's breaking [him] out…with boils popping up all over [his] body, and [he] told them [he] was allergic to the medication and they said 'no, that ain't the medication, that's something else,' and [he] broke out from head to toe." Rec. Doc. 21 at 4. Thus, Treadwell was fully cognizant of the alleged harmful effects of the medical personnel's treatment at St. Tammany Parish when they occurred between August 2010 and January 2012. Rec. Doc. 21 at 13. The latest point at which Treadwell's § 1983 claim could have accrued is January 23, 2012 when he left the St. Tammany Parish Jail. *Id.* at 16; *Duplessis*, 2009 WL 3460629, at *5 (E.D. La. Oct. 26, 2009).

     Under La. Civ. Code art. 3492, Treadwell had one year from the time of injury in which to file his claim before the prescriptive period elapsed. *Id.* at *4. That is, he should have filed his § 1983 claim no later than January 23, 2013. According to the mailbox rule, a pro se prisoner's complaint is deemed filed on "the date when prison officials receive the complaint from the prisoner for delivery to the court." Rec. Doc. 21 at 13 (*citing United States v. Petty*, 530 F. 3d 361, 363 and n.1 (5th Cir. 2008). Therefore, for limitations purposes, Treadwell's complaint was "considered filed and this action commenced on September 18, 2013," when he signed and dated his complaint and its attachments as well as his motion to proceed in forma pauperis Rec. Doc. 21 at 13-14. In other words, Treadwell's complaint was filed approximately eight months too late.

5

Treadwell contends that his previous suit interrupted the tolling of the prescriptive period. Rec. Doc. 23 at 3. La. Civ. Code art. 3463 governs whether prescription is interrupted or not for the purposes of subsequent suits:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. **Interruption is considered never to have occurred if the plaintiff abandons**, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

(Emphasis added). According to La. Code Civ. Proc. art. 561(C), an "appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court." The 1982 comments specify, "The amendment to Article 561 eliminates the requirement that the period for abandonment of an appeal must not be less than one year, leaving the matter of abandonment of an appeal to be governed by the rules of the appellate court."

Treadwell's previous case was dismissed without prejudice on April 4, 2012 after his transfer; thus, the prescriptive period began to run again at the point. *Batson v. Cherokee Beach & Campgrounds, Inc.*, 530 So. 2d 1128, 1130 (La. 1988). However, Treadwell alleges that his prior case was still pending as of September 23, 2013. Rec. Doc. 23 at 2. This belief is founded upon confusion about the meaning of communications received from a Clerk of Court. Treadwell wrote to the Clerk of Court on February 12, 2013 and again on February 27, 2013 requesting "a status report" and "a quote of costs for copying" certain documents relating to his prior suit, CV11-2096. *Id.* at 13-14. The Clerk of Court replied on September 23, 2013 and indicated that "the above referenced civil action is currently pending before the court." *Id.* at 15. This reference, though, was to the current case, CV13-5889. In fact, Treadwell's appeal to his

6

previous suit was dismissed on September 13, 2013 for want of prosecution. Rec. Doc. 21 at 7. Thus, Treadwell abandoned the action, and the interruption of the one-year prescriptive period did not continue until September 23, 2013; instead, the prescriptive period began again on April 5, 2012, and Treadwell's claims are time barred.

Nonetheless, Treadwell further contends that the prescriptive period should be equitably tolled according to the principle of *contra non valentem*. Rec. Doc. 23 at 3. This principle "is a jurisprudentially-created exception to the general rules of prescription" and "is based on the premise that, in some circumstances, equity and justice require that prescription 'be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" *Dominion Exploration & Prod., Inc. v. Waters*, 07-0386 (La. App. 4 Cir. 11/14/07); 972 So. 2d 350, 358. Whether or not to apply *contra non valentem* or, in other words, "to equitably toll the limitations period turns on the facts and circumstances of each case." *Petty*, 530 F.3d at 364. However, "equitable tolling applies only in rare and exceptional circumstances when strict application of the statute of limitations would prove inequitable." *Philips v. Cain*, 05-1694, 2006 WL 3692673, at *3 (E.D. La. Dec. 11, 2006).

There are four general circumstances in which *contra non valentem* applies and thus the limitations period will not run:

> (1) where there is some legal cause which prevented the courts or their officials from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though this ignorance is not induced by the defendant.

*Dominion*, 972 So. 2d at 358. Treadwell claims that his case should fall within the first category because he believes his previous suit should have stopped the limitation period from running. Rec. Doc. 23 at 3. Treadwell has not met his burden of showing why the first category should apply or any other reason why *contra non valentem* should apply, nor can this Court discern a reason. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). Moreover, "the doctrine is strictly construed." *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 394 (E.D. La. 1997).

The first "category was designed to preserve an action when the plaintiff cannot gain access to the courts." *F.D.I.C. v. Caplan*, 874 F. Supp. 741, 746 (W.D. La. 1995). Treadwell, however, was able to gain access to the courts, as evidenced by his repeated lawsuits.[2] "The second fact category applies when there is some outside fact other than the defendant's own action or the plaintiff's inaction that prevents the plaintiff from asserting its rights." *Id.* For example, the second category was applied to preserve a daughter's suit against her sexually abusive father because her post-traumatic stress disorder prevented her from filing suit. *Resolution Trust Corp. v. Barton*, 94-3294, 1995 WL 241849, at *4 (E.D. La. Apr. 24, 1995) (held adverse domination triggered application of second category) (citing *Held v. State Farm Insurance Co.*, 610 So. 2d 1017, 1020 (La. App. 3d Cir. 1992)). Treadwell did not have any

---

[2] The standard for application of the first category of *contra non valentem* appears fairly high. The courts, essentially, have to have been actually closed. *See, e.g., Quierry v. Faussier,* 4 Mart.(o.s.) 609, 610 (1817) ("for the occlusion of the courts one hundred and twenty days, during the late invasion, deprived the plaintiff of the only mode which he had to compel the defendants to pay the debt… These one hundred and twenty days ought not to be reckoned as part of the time allowed to the executor."); *see also*, *Threlkeld v. Haskins Law Firm*, 1989 U.S. Dist. LEXIS 14199, 10 (E.D. La. Nov. 20, 1989).

similar external forces working against the filing of his suit. "The third category applies to cases where defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies." *Wimberly*, 635 So. 2d at 211. Here, there is no evidence tending to show that the defendants prevented Treadwell from timely filing his suit, as Treadwell has not shown that the defendants engaged in "fraud, deceit, misrepresentation, or concealment." *F.D.I.C.*, 874 F. Supp. at 747; *see also, Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 843 (E.D. La. 2011). "The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *Wimberly*, 635 So. 2d at 211. Treadwell's claims also do not fall into the fourth category, given Treadwell's awareness of his injuries. That is, the discovery rule is inapplicable. *Dominion*, 972 So. 2d at 358.

Finally, following the Magistrate Judge's Report and Recommendation, plaintiff has sought leave of the Court to amend his pleadings to add the names of heretofore unknown defendants on his original claims (Rec. Docs. 24, 25) and add newly discovered evidence (Rec. Docs. 22, 26, 27). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Plaintiff's attempt to add new defendants and evidence does not address the fatal flaw in his complaint, its untimeliness. Therefore, plaintiff's motions must be denied.

Accordingly,

**IT IS ORDERED** that plaintiff's motions to supplement and/or amend his pleadings are **DENIED**. Rec. Docs. 24, 25, 26, 27.

**IT IS FURTHER ORDERED** the plaintiff's complaint is **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. §1997e(c)(1) because his claims are barred by the applicable statute of limitations.

New Orleans, Louisiana this 24th day of July, 2014.

**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**